UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                             CRIMINAL NO.

-vs-

                                                                                   20-52-BAJ-RLB

ELLIOTT STERLING

**ORDER**

This matter is before the Court on a letter received by the Court from defendant Elliott Sterling (R. Doc. 20, pg. 2), which the Court will consider as a motion for appointment of new counsel from the CJA Panel. The letter was received by the Court and filed on October 30, 2020.

On August 3, 2020, the defendant was indicted with 9 counts of Wire Fraud, 4 counts of Financial Aid Fraud, and 1 count of Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity. The defendant appeared for his initial appearance in this Court on September 1, 2020. During the initial appearance, defendant Sterling requested court-appointed counsel and this Court entered an Order Appointing Federal Public Defender. (R. Doc. 7). Attorney Brent Stockstill was appointed from the CJA Panel on September 2, 2020 and thereafter appeared in court on the defendant's behalf for his arraignment on September 9, 2020.

At the defendant's arraignment, the parties were advised that a jury trial was scheduled to begin on November 2, 2020 before District Judge Brian A. Jackson. On September 24, 2020, an Unopposed Motion for Protective Order Regarding Discovery Materials (R. Doc. 16) was filed by the government and on October 2, 2020, the motion was granted. (R. Doc. 17). On October 19, 2020, a Motion to Continue Trial and Suspend Speedy Trial (R. Doc. 18) was filed on behalf of the defendant. The Motion represented that the case involves voluminous discovery including a substantial amount of written records, numerous recorded conversations, and videos. Counsel

also represented that the case is complex in nature and involves numerous third party witnesses that may need to be contacted. Finally, counsel notes that the global COVID-19 pandemic has made such preparation more problematic due to limitations on personal contact. The request was granted (R. Doc. 19) and a telephone conference is currently scheduled for December 10, 2020 before the district judge to determine a new trial date.

On October 30, 2020, the instant request was filed requesting new counsel from the CJA panel. A hearing was held November 5, 2020. During the hearing, defendant Elliott Sterling and Mr. Brent Stockstill provided information to the Court regarding their relationship and communication. The defendant indicated he is dissatisfied with both the level of communication as well as information he has been provided as a result of discovery. He also expressed that he wished to go to trial on the originally scheduled date and did not approve of the request to continue the trial.

Attorney Brent Stockstill provided information to the Court, which the attorney for the government confirmed, regarding the volume and timing of discovery that had been provided. Discovery was produced on three separate occasions through the month of September. This information is supported by the Motion to Continue Trial and Suspend Speedy Trial, which provides that counsel has been provided with approximately 20,000 pages of documents, 23 recorded jail conversations, and 52 videos as of October 19, 2020.

The 6th Amendment guarantees a criminal defendant the right to counsel in criminal prosecution. Generally, this means that the defendant has the right to choose and retain his own attorney. *U.S. v. Gharbi*, 510 F.3d 550, 553 (5th Cir. 2007). However, the "right to counsel of choice ... is not absolute." *Id*. As explained in *U.S. v. Young*, 482 F.2d 993, 995 (5th Cir. 1973), "[a]lthough an indigent criminal defendant has a right to be represented by counsel, he does not

have a right to be represented by a particular lawyer, or to demand a different appointed lawyer except for good cause." Good cause may include a showing of a complete breakdown in communication or an irreconcilable conflict. *Young*, 482 F.2d at 995.  A complete breakdown in communication or irreconcilable conflict is one where representation of the defendant is "impossible." *Young*, 482 F.2d. at 996.

Unless the defendant shows a Sixth Amendment violation, it is within the discretion of the court whether to appoint a different attorney for criminal defendant who is dissatisfied with appointed counsel. *Id*. A Sixth Amendment violation occurs when counsel's performance is "below an objective standard of reasonableness," specifically, "reasonableness under prevailing professional norms." *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

Both defendant Sterling and Mr. Stockstill established that communication between them had not started very well.  Defendant Sterling expressed frustration with the level of communication as well as the documentation and information made available to him. Defendant Sterling indicated he had requested hard copies of the documents and had not received them. He also advised that he provided what he deemed as evidence to counsel, who advised the information was unnecessary at the current time.[1]

Within defendant Sterling's letter, he also suggests there is a conflict of interest for Mr. Stockstill as he and attorney John McClindon are friends on social media. The defendant is concerned about the relationship between Mr. Stockstill and Mr. McClindon. He explained that Mr. McClindon represents the officer who fatally shot his cousin, Alton Sterling. The Court questioned Mr. Stockstill regarding his relationship with Mr. McClindon.  Mr. Stockstill

---

[1] Mr. Stockstill advised that this box of materials was offered following his first appearance in court.  At that time, no discovery had been provided by the government and he had no context within which to review the documents and that he explained this to his client.

indicated that, while they are friends on social media, they have no close personal relationship and have never had a business relationship. They are have met one another in connection with their work as criminal defense attorneys in Baton Rouge and may interact at various CLE and bar functions. There is no other relationship whatsoever.

Considering the information provided, the Court confirmed that there is no actual conflict of interest in this matter. The instant case has nothing to do with the Alton Sterling matter and the Court is not aware of any involvement in that matter by Mr. Stockstill. Likewise, Mr. McClindon has no involvement in this case. There is no interest, actual or imputed, connecting Mr. Stockstill and Mr. McClindon. The defendant, Eliott Sterling, likewise has no legal interest in the criminal or civil matters surrounding the death of his cousin. Even if he did, that would have no bearing on Mr. Stockstill's representation in this case, which is a white collar fraud matter involving the United States.

That Mr. Stockstill and Mr. McClindon are social acquaintances at bar functions is of no concern. This is encouraged by our bar associations and the Court as it raises the civility, competence and professionalism of the members of our bar and the services they provide to their clients. It is also noted that Mr. McClindon is also a member of this Court's CJA panel, and every other member of that panel, as well as every judicial officer in this district, would have the same relationship with him.

The defendant's allegations about Mr. Stockstill's performance pertain to a dissatisfaction regarding communication between them. Upon questioning, the Court confirmed that Mr. Stockstill and the defendant have conferred by phone as well as having met in person. Mr. Sterling indicated that he calls as often as every week and has even driven to the office

without an appointment. Mr. Stockstill continues to review discovery in this matter, including listening to the jail recordings and viewing videos that have been provided.

The nature of the discovery also required the issuance of a protective order as it involved the personal identifying information of approximately 300 individuals. As such, the transmission of discovery has been on a rolling basis as the necessary approvals and formatting of materials has been accomplished. Mr. Stockstill and the government further confirmed that certain grand jury transcripts were provided as recently as the day of the hearing. The Court also notes that this matter has been declared complex as a result of the types of allegations and discovery that has been provided.

Mr. Stockstill also confirmed that upon receipt of the materials from the government, they are uploaded to "MyCase" so that the defendant may have access. MyCase is a legal cloud based case management application that allows access to documents from any web browser or device. The defendant advised that he has access to MyCase and has been able to review the discovery. The defendant also represented that certain materials were not on MyCase. Upon questioning by the Court, he stated that once he brought this to Mr. Stockstill's attention, those materials were added.

The defendant's position that there has been limited or inadequate contact with his attorney is presumably an argument that there has been a complete breakdown in communication or an irreconcilable conflict. *Young*, 482 F.2d at 995. With respect to communications, the Court finds that there is no complete breakdown in communication to make it impossible for Mr. Stockstill to represent the defendant. The defendant does not have the right to an attorney of his choice, and dissatisfaction about the speed of preparation and review of materials is not a basis for a new attorney. The Court explained to the defendant that based on the record, Mr. Stockstill

is doing exactly what would be expected of him and to rush to trial without adequate preparation would only serve to compromise his defense. A new attorney will not change the defendant's options.

Mr. Stockstill is experienced, capable and willing to meet with the defendant as necessary **and reasonable** for the preparation of this case. Limitations on the frequency of calls or prohibiting unannounced visits to the law office are not unreasonable. The Court also finds that Mr. Stockstill's request to continue the trial was appropriate. In fact, the Court finds that given the volume of information and nature of the charges, it would have been inappropriate for counsel to attempt to go to trial on November 2, 2020.

The Court finds that there is no factual basis to find that Mr. Stockstill has performed below the standard of objective reasonableness to warrant a finding that the defendant's Sixth Amendment right to effective counsel has been denied. Further, the Court finds that the defendant has not alleged any good cause to demand a new attorney.

At the hearing, the defendant represented to the Court that if he could not receive a new attorney then he wished to represent himself. The Court deferred a decision based on that request and urged the defendant to take some time to think about that further. The Court noted that the defendant had not attended law school, had no familiarity with the Federal Rules of Criminal Procedure or the Federal Rules of Evidence, and based on some of his unfounded concerns expressed at the hearing, is not capable of defending a complex fraud case, regardless of whether he is the actual defendant.

The Court, however, hereby informs Mr. Sterling that in light of this decision denying new counsel, if he persists in his intention to represent himself, he should consult with Mr.

Stockstill so that an appropriate motion may be filed, and a hearing be held regarding that decision. Mr. Stockstill shall ensure that his client receives a copy of this Order.

Accordingly,

**IT IS ORDERED** that the defendant's request for new counsel from the CJA panel (R. Doc. 20, pg. 2) is **DENIED**.

Signed in Baton Rouge, Louisiana, on November 6, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**