UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA            CRIMINAL ACTION

VERSUS

ELLIOT STERLING            NO.20-00052-BAJ-RLB

## ORDER

On August 3, 2020, the Federal Grand Jury returned a fourteen-count Indictment against Defendant Elliot Sterling alleging violations of wire fraud, financial aid fraud, and money laundering. *See* (Doc. 1). On May 12, 2021, Defendant filed a Motion to Set Trial on the Merits. (Doc. 51). On May 13, 2021, Defendant filed a Motion for the Production of Exculpatory and Mitigating Evidence (Doc. 52). On May 17, 2021, Defendant filed a Motion for Relevance, requesting that the Court limit the amount of discovery to evidence that is only relevant to the charging document. (Doc. 53).

The Court held a status conference on May 20, 2021 to discuss the motions. (Doc. 60). There, the Government represented to the Court that it had produced, or would shortly be producing, all discovery that it intends to use in its case in chief. The Government also contended, and Defendant did not oppose, that it complied with its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). While not required by law, the Government agreed that it would produce any expert witnesses, impeachment evidence, or material required to be disclosed under *Giglio v. United States*, 405 U.S. 150 (1972) by Thursday, May 27, 2021. The Court also encouraged

the Government to produce any Jencks Act, 18 U.S.C. § 3500, material at least ten days before trial, although it is not required to disclose such statements until after the witness testifies at trial.

At the status conference, Defendant also indicated that he did not understand why the Government had produced such a large volume of evidence and disputed the assertion that all the evidence was relevant. The Government conveyed to the Court that Defendant had previously participated in a four hour "reverse proffer" with the Government when he was represented by Counsel. At this meeting, the Government reviewed approximately seventy PowerPoint slides that identified fifty key documents and other relevant evidence the Government intended to introduce at trial. The Government offered to participate in another reverse proffer with Defendant on at least two occaisions before the Court, but the Defendant has rejected its offer. Other than the volume of evidence, Defendant did not identify any documents or materials he believes are not relevant. Because Defendant has not demonstrated that the Government has not complied with its discovery obligations, Defendant's Motions are **DENIED**.

The Court also set the relevant trial dates and deadlines at the status conference.[1] Therefore, Defendant's Motion for Trial setting is **MOOT**.

Accordingly,

**IT IS ORDERED** that Defendant's Motions (Docs, 52, 53) are **DENIED**.

---

[1] The pretrial conference shall occur on June 30, 2021 at 3:00 p.m. in Courtroom 2. Jury selection shall occur on August 12, 2021 and August 13, 2021. Trial shall begin on August 16, 2021.

**IT IS FURTHER ORDERED** that Defendant's Motion for Trial Setting (Doc. 51) is **TERMINATED** as moot.

Baton Rouge, Louisiana, this 21st day of June, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**