UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | |
| **ELLIOT STERLING** | **NO. 20-00052-BAJ-RLB** |

### ORDER

On August 3, 2020, the Federal Grand Jury returned a fourteen-count Indictment against Defendant Elliot Sterling alleging violations of wire fraud, financial aid fraud, and money laundering. *See* (Doc. 1). The Government moved for a hearing under Federal Rule of Evidence ("Rule") 104 for the purpose of determining the authenticity of three categories of documents: (1) certain certified domestic records of regularly conducted business, (Docs. 25, 32, 68); (2) certain documents provided by the Custodian of Records for Sterling Educational Consulting, LLC (Doc. 27), and; (3) recordings of Defendant at JP Morgan Chase Bank, Baton Rouge Community College ("BRCC"), and on jail calls (Doc. 27)[1]. The Court held a hearing on the matter on Thursday, June 24, 2021. Consistent with the Court's ruling at the evidentiary hearing, the Government's Motions are **GRANTED**, and the documents and recordings are deemed authentic and admissible at trial, subject to objections as provided in the Federal Rules of Evidence.

---

[1] To the extent the Government requested to authenticate other recordings of Defendant, it withdrew that portion of its Motion and reserved the right to authenticate those recordings at trial.

1

## I. LEGAL STANDARD

### A. Self-Authenticating Documents Pursuant to Rules 902(11) and 902(13)

Rule 902(11) "permits the admission of certified domestic records of a regularly conducted activity. Records sought to be authenticated through Rule 902(11) must meet the requirements of Rule 803(6)(A)–(C)." *United States v. Daniels*, 723 F.3d 562, 579 (5th Cir. 2013); *See also* FED. R. EVID. 902(11). "Under Rule 902(11), the authenticity of business records may be established by written declaration of the custodian provided to opposing counsel a reasonable time before trial." *Daniels*, 723 F.3d at 579. Similarly, Rule 902(13) provides that "a record generated by an electronic process or system that produces an accurate result, as shown by a certification of a qualified person that complies with the certification requirements of Rule 902(11)" is self-authenticating and admissible. FED. R. CIV. P. 902(13).

A record meets the standard outlined by Rule 803(6) where: a) it was made at or near the time of an activity by someone with knowledge; b) it was kept in the course of a regularly conducted activity of business; and c) making the record was a regular practice of that activity. *See* FED. R. CIV. P. 803(6)(A)–(C).

### B. Audiovisual Recordings

To establish that evidence is authentic, the government must make a *prima facie* showing of authenticity, meaning that there is "substantial evidence from which [the jury] could infer that the [evidence] is authentic." *United States v. Smith*, 481 F.3d 259, 265 (5th Cir. 2007) (citing *United States v. Jardina*, 747 F.2d 945, 951 (5th Cir. 1984)). Once this showing is made, the jury bears the ultimate responsibility

2

for deciding whether the evidence is authentic. *Id.*

Video evidence may be authenticated either through testimony from an eyewitness who establishes that the video accurately depicts the underlying events, *See United States v. Castillo-Chavez*, 555 F. App'x 389, 395 (5th Cir. 2014) (citing FED. R. EVID. 901(b)), or by providing "foundation evidence sufficient to show the circumstances under which the film was activated and made, the chain of custody of the film, and the reliability of the process." *United States v. Clayton*, 643 F.2d 1071, 1074 (5th Cir. 1981) (citing *United States v. Taylor*, 530 F.2d 639 (5th Cir. 1976)).

Similarly, audio recordings may be authenticated through the testimony of a witness with personal knowledge of the conversation. *See United States v. Lance*, 853 F.2d 1177, 1181–82 (5th Cir. 1988). However, an operator of an audio system may also establish the authenticity of an audio recording if the Government demonstrates: "1) the operator's competency, 2) the fidelity of the recording equipment, 3) the absence of material alterations, and 4) the identification of relevant sounds or voices." *United States v. Green*, 324 F.3d 375, 379 (5th Cir. 2003) (citing *United States v. Biggins*, 551 F.2d 64, 66 (5th Cir. 1977)) (the "*Biggins* factors"). The party seeking to establish authenticity need not meet all the *Biggins* factors if, upon independent examination, "the district court is convinced that the 'recording accurately reproduces the audio experience.'" *Id.* (citing *United States v. Buchanan*, 70 F.3d 818, 827 (5th Cir. 1996)).

## II. ANALYSIS

### A. Self-Authenticating Documents

At the June 24, 2021 evidentiary hearing, the Government provided

3

certifications, declarations, or affidavits from AT&T, b1 Bank, BankMobile, BRCC, Capital One, N.A., Cox Communications, Inc., East Baton Rouge Parish Library, East Baton Rouge School System, East Baton Rouge Technology, Fitness International, Google LLC ("Google"), Harrah's New Orleans, JPMorgan Chase Bank, N.A., Louisiana Community College and Technical College System, the Louisiana Department of Education, Oath Holdings, Inc., Pelican State Credit Union, Pinger, Square, Inc., the United States Department of Education, and Woodforest National Bank that meet the standards outlined by Rules 902(11), 902(13), and 803(6)(A)–(C). *See* (Doc. 68-2, p. 3–37). Most of these certifications were provided to Defendant in advance of the evidentiary hearing, specifically on January 25, 2021, February 19, 2021, and June 16, 2021. *See* (Docs. 25, 32, 68). The certification from Harrah's New Orleans was provided at the hearing.

The Defendant objected on the basis of hearsay during the introduction of each certification. While the certifications and the documents they certify are out of court statements, they are admissible under the "Records of a Regularly Conducted Activity" exception to the hearsay rule as outlined by Rule 803(6). As was established on the record, the Court finds that each certificate meets the standards provided by Rule 902(11), Rule 902(13), and Rule 803(6)(A)–(C) because the records were made at or near the time of a regularly conducted activity, the record was kept in the course of a regularly conducted activity of a business or organization, and it was the regular practice of the business or organization to make a record of that activity. Therefore, both the certifications and the documents accompanying the certifications are

authentic and admissible at trial. Defendant's objection is overruled.

The Defendant also objected specifically to the certification from Google on the basis of improper certification. The certification from Google is electronically signed by Richard Daugherty, who attested under penalty of perjury that the following was true and correct, to the best of his knowledge: he was authorized to submit the affidavit on behalf Google, he has personal knowledge of the facts within the certificate of authenticity, he is qualified to authenticate the records requested by the Government because he is familiar with how the records were created, managed, stored, and retrieved, and that the records attached to the certificate are true and correct copies of the records made and retained by Google. *See* (Doc. 68, p. 20). As was stated on the record, the Court finds that this certificate also meets the standards provided by Rule 902(11), Rule 902(13), and Rule 803(6)(A)–(C). Therefore, the documents from Google are authentic, and admissible as records of regularly conducted activity pursuant to Rule 803(6). Accordingly, Defendant's objection is overruled.

### B. Business Records of Sterling Educational Consulting

The Government sought to authenticate the records of regularly conducted activity of Sterling Educational Consulting, LLC, a limited liability company created in March 2019. (Doc. 26, p. 1). The Government argues that because Defendant produced the documents in response to a Grand Jury subpoena in his capacity as custodian of records of Sterling Educational Consulting, LLC,[2] the documents are

---

[2] Although Defendant is the sole member of Sterling Educational Consulting, LLC, he can assert no Fifth Amendment privilege over the documents. The Supreme Court has held that:

authentic and admissible as an exception to the hearsay rule because they are records of Sterling Educational Consulting LLC's regularly conducted activities. (Doc. 26, p. 2). The Defendant had no objection to the introduction of these documents.

Without objection, the Court finds that the documents are authentic and admissible at trial.

### C. Audiovisual Recordings

#### i. JP Morgan Chase Video

The Government called Angela Brown to establish the authenticity of the JP Morgan Chase video recordings. Brown testified that she had been employed by JP Morgan Chase for fourteen years as a fraud investigator. JP Morgan Chase has video cameras at every branch. These cameras accurately record activities within the branch and the recordings are saved for a period of time. These recordings can only be retrieved by authorized personnel and downloaded to a CD or USB for storage, but cannot be altered or deleted. She also testified that she followed this process when retrieving videos requested by the Government. The Defendant did not object to the authenticity of the videos contained on the disc.

Because the government provided a sufficient foundation to establish the

---

artificial entities such as corporations may act only through their agents, and a custodian's assumption of his representative capacity leads to certain obligations, including the duty to produce corporate records on proper demand by the government. Under those circumstances, the custodian's act of production is not deemed a personal act, but rather an act of the corporation. Any claim of Fifth Amendment privilege asserted by the agent would be tantamount to a claim of privilege by the corporation—which of course possesses no such privilege.

*Braswell v. United States*, 487 U.S. 99, 104, 108 S. Ct. 2284, 2288, 101 L. Ed. 2d 98 (1988).

provides the phone services for East Baton Rouge Parish Prison. Blanco testified that he maintains the hardware and software for the phones and has worked in this capacity for eight years. He further testified that each inmate has a unique PIN that must be entered when a call is made. The PIN consists of the inmate's ID number and a phone passcode selected by the inmate. When a call is made, the system creates a call reference ID, a time stamp, a date stamp, a record of the number that was called, and collects certain other metadata, such as whether the call was prepaid or collect. All phone calls made from East Baton Rouge Parish Prison are stored on a server maintained by IC Solutions, along with the metadata. The recordings can be accessed through a web-based portal by account administrators, such as Blanco, but the calls cannot be altered or deleted.

In response to a request by the United States for all calls made to a specific phone number from East Baton Rouge Parish jail, Blanco created a disc containing the information. He retrieved all relevant calls from the system, burned them to a disc, and delivered them directly to the case agent assigned to this matter. None of the calls were altered or deleted.

The Government then called FBI Task Force Officer Tom Bolton, who testified that he heard the Defendant speak five times, including at the June 24, 2021 hearing. He listened to all seventeen files provided by Blanco, and identified Defendant's voice on sixteen of the seventeen calls.[3] Defendant also allegedly identified himself on eight of the calls.

---

[3] One call was made, but not completed. Defendant's voice was not present on that call.

8

Defendant argued that the Government should be required to call witnesses to individually authenticate each call. This is not required under the law. While audio recordings *may* be authenticated through the testimony of a witness with personal knowledge of the conversation, this is not required so long as the party seeking to establish authenticity meets enough of the *Biggins* factors to establish that the "recording accurately reproduces the audio experience." *Buchanan*, 70 F.3d at 827. The Government has done so here. Accordingly, the recordings of the jail calls are deemed authentic and admissible at trial, subject to objections on other evidentiary grounds as provided in the Federal Rules of Evidence.

### III. CONCLUSION

Having found that the Defendant has been notified of the United States' intent to offer certain exhibits for pretrial authentication, including certified domestic records of regularly conducted activities, and has been afforded a fair opportunity to challenge such exhibits,

**IT IS ORDERED** that the Government's Motion to Authenticate (Doc. 68) is **GRANTED**. The records accompanying the certificates of the aforementioned businesses are deemed authentic and admissible at trial.

**IT IS FURTHER ORDERED** that the Government's Motion to Authenticate Business Records (Doc. 26) is **GRANTED**. The business records of Sterling Educational Consulting, LLC are deemed authentic and admissible at trial.

**IT IS FURTHER ORDERED** that the Government's Motion to Authenticate Recordings (Doc. 27) is **GRANTED** as to the recordings of the Defendant at JP Morgan Chase Bank, Baton Rouge Community College, and on certain calls made

from East Baton Rouge Parish Jail. These audiovisual recordings are deemed authentic, and are admissible at trial, subject to objections on other grounds as provided by the Federal Rules of Evidence.

**IT IS FURTHER ORDERED** that the Government's Motion to set a hearing, in advance of trial, regarding the authenticity of certain exhibits (Doc. 25) is **TERMINATED** as moot.

Baton Rouge, Louisiana, this 22nd day of July, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**