# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | |
| **ELLIOT STERLING** | **NO.20-00052-BAJ-RLB** |

## RULING AND ORDER

Before the Court is the **United States' Motion in Limine to Exclude Evidence, Questioning, and Argument Related to Alton Sterling and the Department of Justice (Doc. 105)**. The Motion is opposed. (Doc. 117). For the reasons provided, the Government's Motion is **GRANTED**.

On August 3, 2020, the Federal Grand Jury returned a fourteen-count Indictment against Defendant Elliot Sterling alleging violations of wire fraud, financial aid fraud, and money laundering. *See* (Doc. 1). On March 16, 2021, the Court granted Defendant's Motion to Proceed Pro Se (Doc. 28), and later appointed stand-by counsel. (Doc. 39, Doc. 42).

Defendant has alleged on numerous occaisions, both in Court and in related motions, that the Government targeted him for prosecution because he publicly spoke out against the United States Department of Justice following its investigation into the death of Alton Sterling, Defendant's cousin. (Doc. 37, p. 3); (Doc. 117, p. 2); (Doc. 105, p. 2–5). The United States requests that the Court enter an order precluding Defendant "from making statements and argument, asking questions, or introducing evidence at trial specifically related to unsubstantiated allegations about

1

Alton Sterling, the Department of Justice and the defendant's theory that he was targeted for prosecution," on four bases. First, according to the Government, the argument is "without legal or factual basis." (Doc. 105, p. 1). Second, that the argument is irrelevant. (*Id.* at p. 2). Third, that the argument is "unduly prejudicial to the government's case and confusing to the jury." (*Id.*). Fourth, that the argument is "an impermissible attempt to encourage jury nullification." (*Id.*).

The critical question is whether such evidence is relevant to the case. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Defendant has been charged with three categories of offenses: wire fraud, money laundering, and financial aid fraud. *See* (Doc. 1). Therefore, the Government must prove at trial that Defendant, on nine separate instances between December 2017 and September 2018, "caused an interstate wire communication to be transmitted . . . in connection with the submission of a FAFSA[1], which contained false material information." (Doc. 1, p. 17–18). The Government must also prove that Defendant fraudulently obtained federal funds in violation of 20 U.S.C. § 1097(a). *See United States v. Strain*, 78 F. App'x 975, 976 (5th Cir. 2003) (per curium). Finally, the Government must establish that Defendant derived more than $10,000 from a specified unlawful activity (in this case, wire fraud), subsequently engaged in a financial transaction with this property, and knew the property was derived from unlawful activity. *See*

---

[1] Free Application for Federal Student Aid.

*United States v. Alaniz*, 726 F.3d 586, 602 (5th Cir. 2013) (citation omitted).

"[T]he burden is on the introducing party to establish relevancy." *Downling v. United States*, 493 U.S. 342, 351 n. 3 (1990). Defendant argues that he will "simply . . . talk about myself speaking out against the department of justice on all major outlets," but he has not provided any legal or factual support for why that testimony makes any fact more or less likely as it relates to the charges for wire fraud, financial aid fraud, or money laundering. (Doc. 117, p. 2). "The accused does not have an unfettered right to offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988). Testimony relating to Alton Sterling and the United States Department of Justice's investigation into his death are not relevant to Defendant's underlying charges. *See United States v. Armstrong*, 517 U.S. 456, 463 (1996) ("A selective-prosecution claim is not a defense on the merits to the criminal charge itself, but an independent assertion that the prosecutor has brought the charge for reasons forbidden by the Constitution.").

Accordingly,

**IT IS ORDERED** that the United States' Motion (Doc. 105) is **GRANTED**. Defendant shall not ask questions, introduce extrinsic evidence, or make statements or arguments at trial related to Alton Sterling and the Department of Justice investigation related to his death.

Baton Rouge, Louisiana, this 19th day of August, 2021

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**