UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | |
| ELLIOT STERLING | NO. 20-00052-BAJ-RLB |

### ORDER

Before the Court is the **Motion to Suppress Evidence (Doc. 57)** filed by Defendant. The Motion is opposed. (Doc. 62). Oral argument is not necessary. *See United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983) ("Evidentiary hearings are not granted as a matter of course, but are held only when the defendant alleges sufficient facts which, if proven, would justify relief.").

Defendant's Motion is completely devoid citations to statutory or jurisprudential support, or even basic detailed reasons for his request. Instead, Defendant's Motion provides six conclusory arguments that allegedly warrant suppression of the evidence, described by Defendant as follows:

(1) Jail Calls
   a. 3rd party jail calls not accepted by the Defendant
   b. Any call that doesn't identifies [sic] the defendant by his name
   c. Any calls not related to the matter
(2) Text messages
   a. Have to be authenticated that the text message is real, because with the advancement of technology you can make calls or text messages using apps such as Spoof and others
   b. Text messages has to be authenticated.
(3) Cox Communications, Inc
   a. Never owned a computer and will attach copies of [Defendant's] provider that the $10 dollar service [Defendant] always had was never connected to a computer and isn't strong

1

enough of a connection for a computer to operate.

(Doc. 57, p. 2).

The Fourth Amendment to the United States Constitution "protects the right to be free from 'unreasonable searches and seizures,' but it is silent about how this right is to be enforced." *Davis v. United States*, 564 U.S. 229, 231 (2011). While the Amendment does not explicitly provide a remedy for violations of this right, the Supreme Court of the United States created the "exclusionary rule . . . a 'prudential' doctrine . . . to 'compel respect for the constitutional guaranty.'" *Id.* at 236 (citing *Pennsylvania Bd. of Probation and Parole v. Scott*, 524 U.S. 357, 363 (1998); and then citing *Elkins v. United States*, 364 U.S. 206, 217 (1961)). The sole function of the rule "is to deter future Fourth Amendment violations." *Id.* at 237.

The United States alleges that Defendant has not alleged any violation of the Fourth Amendment or statute that would warrant the exclusion of the evidence. Rather, Defendant has instead argued "evidentiary objections or arguments on the merits of the evidence, not grounds for suppression." The Court agrees.

Even reviewing Defendant's Motion liberally, Defendant has failed to provide support for the suppression of evidence. Instead, Defendant invites the Court to speculate as to whether the evidence was unlawfully seized. Although the Court recognizes that Defendant is proceeding without the assistance of counsel, the Constitution does not "require judges to take over chores for a *pro se* defendant that would normally be attended to by trained counsel as a matter of course." *McCaskle v. Wiggins*, 465 U.S. 168, 184 (1984). Nor is "[t]he right of self-representation . . . a license not to comply with relevant rules of procedural and substantive law." *Id.*

2

(citing *Faretta v. California*, 422 U.S. 806, 834 n. 46 (1975)). Defendant has failed to meet his burden.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to suppress (Doc. 57) is **DENIED**.

Baton Rouge, Louisiana, this 24th day of August, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**